UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EUGENE COLLINS, | ) |
| *Plaintiff* | ) ) ) |
| v. | ) Cause No. 1:19-cv-4390 RLM-TAB ) |
| AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES COUNCIL 962 | ) ) ) ) ) |
| *Defendant* | ) |

## OPINION AND ORDER

Eugene Collins was an organizer and union representative for the American Federation of State, County & Municipal Employees Council 926 (the Council) from 2016 until 2019. He alleges that the Council discriminated and retaliated against him because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The Council's motion for summary judgment on both of Mr. Collins's claims is before the court. For the following reasons, the court denies the motion.

### I. BACKGROUND

Mr. Collins began working for the Council in October 2016. Mr. Collins took medical leave from his position from October 2018 to January 2019 to get treatment for bipolar disorder. Mr. Collins alleges that before he decided to take leave, he was talking to his supervisor, David Robertson, about a female colleague who was similarly on leave for mental health reasons. He says that Mr.

Robertson said the colleague was "weak," not really suffering from a mental health issue, and was taking time off because she "can't handle the job" and was "trying to play it up." Mr. Collins says that he responded by telling Mr. Robertson that he was also dealing with stress and anxiety and was considering taking medical leave himself.

When Mr. Collins returned from his medical leave on January 2, 2019, Mr. Robertson told Mr. Collins he was being transferred from the Council's Indianapolis office to its Louisville, Kentucky office. Mr. Collins says that he asked for a day to think about the transfer. The next day, he told Mr. Robertson he couldn't move to Louisville, and he asked if he could commute to his new Louisville-area assignments from Indianapolis. Mr. Robertson told him he couldn't. Mr. Collins said he was going to his office, but Mr. Robertson told him that his office was in Louisville – he no longer had one in Indianapolis. The parties disagree about what happened next, but Mr. Collins testified during his deposition that he was told to leave the property. He says he threw away some books about organizing in the Council's dumpster and left.

Mr. Collins emailed Mr. Robertson later that day to say he forgot to leave his keys, but he would mail them back. Mr. Robertson responded with a summary of their meetings about Mr. Collins's transfer, and then told Mr. Collins that the Council accepted his resignation. Mr. Collins replied with his own summary of the meetings and said:

> As I have stated over the last two days, I have not resigned. If you have not officially terminated me, then please let me know as soon as possible so that I can get back to working my territory. However, if you are terminating me, then I am requesting it in writing. If I do

> not hear from you, then I will assume that I am to report to work first thing Monday morning, January 7, 2019.

Mr. Robertson responded, "We've accepted your resignation." Mr. Collins replied to that email and said again:

> …I have never resigned. I never spoke about it, never said the words, and never put it in writing… As previously stated, if you have not and are not firing me, then I will report to work tomorrow morning at 9am.

Mr. Robertson replied and again said the Council accepted Mr. Collins's resignation "[a]s was stated in previous emails" and asked Mr. Collins to mail in his keys. Mr. Collins said, "I will except your termination once its official in writing." Mr. Robertson replied, "The previous email constitutes the council written stance concerning your employment."

Mr. Collins had been subject to formal discipline in May 2017, April 2018, and July 2018.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, we accept the non-movant's

evidence as true and draw all inferences in his favor. Id. at 255. The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* Fed. R. Civ. P. 56(e)(2).

### III. Discussion

Mr. Collins alleges discrimination and retaliation in violation of the ADA. To prevail on his discrimination claim, he must show that (1) he is disabled within the meaning of the ADA; (2) he can perform the essential functions of his job, with or without reasonable accommodation; and (3) the Council took an adverse job action against him that was caused by his disability. Richardson v. Chicago Transit Auth., 926 F.3d 881, 886 (7th Cir. 2019); Monroe v. Indiana Dep't of Transportation, 871 F.3d 495, 503 (7th Cir. 2017). To prevail on his retaliation claim, Mr. Collins must show that (1) he "engaged in a statutorily protected activity; (2) he "suffered an adverse employment action; and (3) there is a causal connection between the two." Guzman v. Brown County, 884 F.3d 633, 642 (7th Cir. 2018). The Council argues that it's entitled to summary judgment on both claims.

*A. Adverse Job Action*

The Council first argues that Mr. Collins's claims fail because it didn't take an adverse job action against him by reassigning him to its Louisville office. It says that a transfer is insufficient to constitute an adverse employment action, and that it had the authority to transfer Mr. Collins to its Louisville office under the parties' collective bargaining agreement. Mr. Collins says that he couldn't easily move from Indianapolis, in part because his wife's career and his daughter's school were both there. He argues that a reasonable juror could conclude that moving to another city would be unsafe or unhealthy for him given his mental health.

"[A] mere transfer—without more, such as a reduction in pay or significantly diminished responsibilities or working conditions—falls below the level of an adverse employment action necessary to support a claim of discrimination or retaliation." Mercer v. Cook Cty., Ill., 527 F. App'x 515, 522 (7th Cir. 2013) (*citing* Washington v. Illinois Dep't of Revenue, 420 F.3d 658, 661 (7th Cir. 2005)). A transfer can be an adverse employment action if the employee's working conditions have changed in a way that was "humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative." O'Neal v. City of Chicago 392 F.3d 909, 911 (7th Cir. 2004) (internal citation omitted).

Mr. Collins doesn't contest the evidence that the Council had the authority to transfer him under his collective bargaining agreement. Nor does he dispute that his pay, title, and benefits would have been the same in Louisville as they were in Indianapolis. Even when the facts are accepted as true and construed in

5

the light most favorable to Mr. Collins, they wouldn't allow a reasonable juror to conclude that the reassignment alone was an adverse employment action.

But after Mr. Collins refused to be transferred to Louisville, his employment with the Council ended. The Council argues that Mr. Collins resigned, but Mr. Collins contends that he told the Council repeatedly that he wasn't resigning. There is a genuine issue as to whether Mr. Collins resigned or was terminated. *See* Bean v. Wisconsin Bell, Inc., 366 F.3d 451, 455 (7th Cir. 2004). Further, Mr. Collins testified, "I believe [Mr. Robertson] knew that there was no way I would accept this move" because he knew Mr. Collins had purchased a home in Indianapolis two years earlier, and that his family was based there. He said that in light of the things Mr. Robertson had said to him about his female colleague who took medical leave, he interpreted the transfer to be a constructive termination. A reasonable juror accepting Mr. Collins's testimony as true could conclude that his reassignment and the end of his employment in combination were an adverse employment action.

## *B. Causality*

The Council argues that even if it took an adverse action against Mr. Collins, he doesn't raise any evidence that creates a genuine issue as to causality. To prevail on his discrimination claim, Mr. Collins must show that his termination was "caused by his disability." Richardson v. Chicago Transit, 926 F.3d at 886. "To establish the third prong [of a discrimination claim] and survive summary judgment, a plaintiff must show a genuine issue of material fact exists

6

regarding whether his disability was the 'but for' reason for the adverse action[.]" Monroe v. Dep't of Transportation, 871 F.3d at 504. To prevail on his retaliation claim, Mr. Collins must show that there is a "causal connection" between his termination and his protected leave. Guzman v. Brown County, 884 F.3d at 642.

Mr. Collins argues that he has raised evidence that establishes a genuine issue as to the causality element of both claims. He says he can't identify a similarly situated employee to establish a prima facie case of discrimination or retaliation under the McDonnell Douglas burden-shifting framework, so he proceeds on the Ortiz "totality-of-the-evidence approach." Gonzalez v. Tape Case Ltd., No. 17-C-2011, 2018 WL 3574754, at *2 (N.D. Ill. July 25, 2018); *see also* David v. Bd. of Trustees of Cmty. College Dist. No. 508, 846 F.3d 216, 224 (7th Cir. 2017). This means he must point to evidence sufficient to "permit a reasonable factfinder to conclude that [his medical leave] caused the discharge or other adverse employment action." Ortiz v. Werner Enterprises, Inc., 834 F.3d 760, 765 (7th Cir. 2016). He raises three types of evidence to support his totality-of-the-evidence argument: the timing of his reassignment and the end of his employment; the remarks Mr. Robertson made to him about one of his disciplinary writeups; and the remarks Mr. Robertson made to him about a female employee who also took medical leave for her mental health.

Mr. Collins says the timing of his transfer and the resulting end of his employment is evidence of a causal connection between his medical leave and the Council's adverse action. "[S]uspicious timing will rarely be sufficient in and of itself to create a triable issue." Kidwell v. Eisenhauer, 679 F.3d 957, 966 (7th

7

Cir. 2012) (internal quotations omitted). A plaintiff alleging suspicious timing must show that the adverse action at issue occurred "on the heels" of the protected conduct, and the person who imposed the adverse action knew of the protected conduct. Id. Mr. Robertson told Mr. Collins about his reassignment the day he returned from medical leave. A reasonable juror could conclude that Mr. Robertson knew about Mr. Collins's medical leave, and that Mr. Collins's reassignment occurred on the heels of that leave.

Mr. Collins next argues that the recorded reasons for his progressive discipline were pretextual and that the Council didn't have true concerns about his work performance. Mr. Collins testified that Mr. Robertson said he filed a disciplinary writeup in Mr. Collins's file in May 2017 because he wanted to target his female colleague who had taken mental health leave. "[W]hen Dave presented me with this writeup, I think Dave had – at the time, his target, what he was after was – as he said, was [the female employee]," Mr. Collins testified. Mr. Collins said:

> But, you know, he went on to say that this writeup was not so much about me. But at that time I do believe [the female employee] had hired counsel to represent her, and I think this was just a box to check to say that, you know, since they was used – this was just one piece that they were using against her, and I think I was pulled into that with this writeup.

He testified that Mr. Robertson said he was going to "count" this disciplinary action for Mr. Collins and "I have to do this formality because of what [the female employee] … was doing." Mr. Collins argues that the other instances of discipline in his file might also be fishy or pretextual, but the only evidence he offers to support that conclusion is his testimony about the May 2017 writeup. The

8

Council counters that there is no evidence that any of Mr. Collins's discipline was pretextual. But Mr. Collins's testimony that Mr. Robertson's written reason for the May 2017 writeup was dishonest is evidence of pretext, and the court must accept it as true at this stage.

Finally, Mr. Collins argues that Mr. Robertson made statements that demonstrate discriminatory views about mental illness. Mr. Collins testified that during the summer of 2018, Mr. Roberts told him he was going to terminate the female employee who was taking medical leave because of her mental health:

> [H]e was like Eugene, I'm going to fire [the female employee], stop talking to her. And, you know, he would speak candidly about it, you know, terminating her, again calling her mental competency, she's just being weak and don't want to come to work[.]

Mr. Collins said that Mr. Robertson told him "ain't shit wrong with her," and that the employee was just "trying to play it up."

The Council argues that Mr. Robertson's comments are stray remarks that don't support Mr. Collins's argument. It cites Joll v. Valparaiso Community Schools for the proposition that stray remarks are remarks that aren't part of the decision-making process. 953 F.3d 923, 934 (7th Cir. 2020). The Council also argues that while Mr. Collins contends in his brief that he told Mr. Robertson during that meeting that he would be taking a medical leave soon, Mr. Collins doesn't point to any evidence that those two conversations occurred at the same meeting.

Mr. Collins testified in his deposition that when he was talking to Mr. Robertson about the female employee's medical leave, he said, "And at that time I told him, Dave, you're talking about me. I said I experience a lot of those same

9

things." Mr. Collins doesn't cite any evidence that he told Mr. Robertson during that conversation that he was going to take medical leave for a disability. Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (Summary judgment is "the put up or shut up moment in a lawsuit[.]"). But that Mr. Collins doesn't provide any evidence that he mentioned his impending medical leave when Mr. Robertson made his comments doesn't mean the comments were stray remarks. A court considering a stray remark argument at the summary judgment stage must be mindful of its duty to consider the evidence as a whole and construe it in the light most favorable to the non-moving party. Joll v. Valparaiso, 953 F.3d at 934. "A remark or action by a decision-maker reflecting unlawful animus may be evidence of his or her attitudes more generally." Id. at 935. (*citing* Emmel v. Coca-Cola Bottling Co. of Chicago, 95 F.3d 627, 632 (7th Cir. 1996)). In Emmel v. Coca-Cola, the circuit court held that statements from company policymakers that addressed the policy at issue – in that case, the employment of women in upper management – were relevant to the plaintiff's discrimination claim. 95 F.3d at 631-632. Mr. Collins's case is no different. He has testified as to statements made by a decisionmaker, Mr. Robertson, about a policy at issue – the employment of people who take medical leave for mental health disabilities.

  Accepting Mr. Collins's evidence as true and construing it in the light most favorable to him, a reasonable juror examining the totality of the evidence could conclude that the Council would not have transferred Mr. Collins and his

employment wouldn't have ended but for the fact that he took medical leave. Accordingly, both of his claims survive.

IV. CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment [Doc. No. 28] is DENIED.

SO ORDERED.

ENTERED: <u>July 26, 2021</u>

<u>/s/   Robert L. Miller, Jr.    </u>
Judge, United States District Court

Distribution: All electronically registered counsel of record